Todd J. Roberts, Esq. SBN 181945
Corey A. Carter, Esq. SBN 269611
Law Offices of Todd J. Roberts
16601 Ventura Boulevard
Fourth Floor
Encino, CA 91436
Tel. (818) 906.8000
Fax. (818) 906.8099

Attorney for Debtor(s)/Movant

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Leon M. Ramirez & Laura Ramirez, | Case No. 6:09-bk-10275 MJ |
| Debtor(s)/Movant. | NOTICE OF MOTION AND MOTION FOR AN ORDER VACATING THE ORDER OF DISMISSAL ENTERED ON OR ABOUT JUNE 8, 2011 AND FOR REINSTATEMENT OF THE DEBTORS' CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTOR LEON M. RAMIREZ IN SUPPORT THEREOF |
| | DATE:  August 8, 2011 |
| | TIME:  1:30 P.M. |
| | PLACE: Courtroom 301 |
| |         3420 Twelfth Street |
| |         Riverside, CA 92501 |

## NOTICE

**TO THE HONORABLE MERIDITH A. JURY, UNITED STATES BANKRUPTCY JUDGE, ROD DANIELSON, CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

i

1  **PLEASE TAKE NOTICE THAT** at the above date, time and place, the Debtors, Leon M. Ramirez & Laura Ramirez, by and through counsel, Todd J. Roberts, will move the Court for an order vacating the order of dismissal previously entered on or about June 8, 2011 under FRBP 9024.

This Motion is based upon this Notice of Motion, the attached memorandum of points and authorities, the case file, the attached declarations of the Debtor(s), and any such other evidence as may be presented at or before the hearing.

**Pursuant to Local Bankruptcy Rule 9013-1(f), any response to this motion shall be filed with the Clerk of the Court and served on all interested parties no later than fourteen (14) days prior to the above hearing date.  Failure to do so may be deemed as a waiver of the objection to the foregoing.**

Dated:  July 12, 2011

RESPECTFULLY SUBMITTED,

LAW OFFICE OF TODD J. ROBERTS

By: _____
Corey A. Carter, Esq.
Law Offices of Todd J. Roberts
Attorneys for Debtor(s)/Movant

ii

NOTICE OF MOTION AND MOTION FOR AN ORDER VACATING THE ORDER OF DISMISSAL ENTERED ON OR ABOUT JUNE 8, 2011 AND FOR REINSTATEMENT OF THE DEBTORS' CHAPTER 13 CASE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to Title 11 of the <u>United States Bankruptcy Code</u> (hereinafter "11 U.S.C.) §§ 105 and Rules 5010, 8002, 9006, 9013, 9022, and 9024 of the <u>Federal Rules of Bankruptcy Procedures</u>.

## II.

## STATEMENT OF FACTS

1. On January 8, 2009, Leon M. Ramirez & Laura Ramirez (hereinafter "Debtors") filed for protection under Chapter 13, case no. 6:09-bk-10275 MJ in order to save their primary residence and principal asset, a single family residence located at 4006 Philadelphia Street, Chino, CA 91710 (hereinafter "Subject Property") from bank initiated non-judicial foreclosure and to reorganize their debts.

2. The Order confirming the Debtor's Chapter 13 Plan was entered on March 2, 2009.

3. The Plan payment amount was $237 for months 1-20, and $671 for months 21-60 months at 7% to general unsecured creditors. Please see <u>Ramirez</u> Declaration, **Exhibit "A."**

4. The plan was subsequently modified to suspend two plan payments for the months of December, 2009 and January 2010, with an increase to $280 for months 13 through 20 then increasing to $671 for months 21-60. Please see <u>Ramirez</u> Declaration, **Exhibit "B."**

5. The Debtors were behind less than two plan payments for a delinquency of $1,105.00 as of April 14, 2011, when the trustee brought a motion to dismiss the case. At that time, Debtors had paid over two years worth of plan payments, for a total payment amount of over $18,731.00 paid into the plan. Please see <u>Ramirez</u> Declaration, **Exhibit "C."**

6. The Debtors' case was subsequently dismissed on June 8, 2011.

7. If the Debtors' case had not been dismissed, they would be delinquent $3,118.00 as of the date of the hearing on this Motion (August 8, 2011), the Debtors have $3,118.00 in

1

MEMORANDUM OF POINTS AND AUTHORITIES

certified funds payable to the Trustee, and can continue to make their plan payments in a timely manner. Please see Remirez Declaration, **Exhibit "D."**

8. As such, the Debtors are requesting that the order dismissing the case be vacated and that the case be reinstated so that they can tender a substantial amount of the remaining balance due under their plan in the sum of $3,118.00 and continue in the Chapter 13 Bankruptcy.

### III.

### LEGAL ARGUMENT

**A.   THIS COURT IS EMPOWERED TO VACATE THE ORDER OF DISMISSAL.**

Federal Rule of Bankruptcy Procedure 9024 provides that Federal Rules of Civil Procedure (hereinafter "FRCP") 60 applies in cases under the code. FRCP 60(b) provides in pertinent part:

"On Motion and upon such terms as are just the Court may relieve a party or a parties legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence

could not have been discovered in time to move for

a new trial under Rule 59(b);...or [Emphasis

Added]

(6) any other reason justifying relief from the operation of judgment..."

In this case, vacating the dismissal order and reinstating the Debtors' Chapter 13 Plan is justified because although the Debtors were admittedly delinquent, it was not a substantial default. Rather, they were less than two (2) plan payments behind when the case was dismissed, and at that time, had been performing pursuant to the Chapter 13 Bankruptcy plan for two years (24 months) of the five year (60 month) plan. Moreover, reinstating the case will promote judicial economy and facilitate in a distribution to unsecured creditors.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**B.    THE BANKRUPTCY COURT HAS BROAD EQUITABLE POWERS AND MAY FASHION A REMEDY TO ACHIEVE AN EQUITABLE RESULT.**

11 U.S.C. §105(a) in its pertinent part states that, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title..." The Ninth Circuit has previously held that, "A bankruptcy court has continuous power to vacate or modify its own orders, if no intervening or vested rights are disturbed." In re Casaudoumecq, 46 F. Supp. 718, 723 (S.D. Cal. 1942), citing Federal Land Bank v. Hansen, 113 F.2d 82; Wayne United Gas Co. V. Owens-Illinois Glass Co., 300 U.S. 131; In re Price, 99 F.2d 691; and cited with approval in In re Johns Clay & Co., 43 B.R. 797, 806-07 (Bankr. D. Utah, 1984).

At this time, the Debtors have tendered our office with a cashiers check for $3,118.00 payable to the Chapter 13 Trustee. If the case is reinstated, the Debtors will immediately tender the $3,118.00 payment to the trustee. At that time, the Debtors will be half way done with their plan, and less than two and one-half years away from receiving a discharge in their Chapter 13 case. The Debtors have assured our office that if the case is reinstated, they will be able to make their plan payments in a timely manner.

Furthermore, it appears that no party will be prejudiced or will have substantially changed their position since the entry of the dismissal order on June 8, 2011. The Debtors, on the other hand, will greatly benefit since they will be given the opportunity to complete their chapter 13 plan and receive their discharge. Moreover, the unsecured creditors will continue to receive a distribution under the Debtors' Chapter 13 plan terms if the case is reinstated. The Debtors also understand and agree that any action taken by Creditors prior to reinstatement of the case is not be subject to stay protection and that this order will not have retroactive effect.

## IV.

## CONCLUSION

Because the dismissal order was entered as a result of Debtors' failure to make less than two plan payments after performing pursuant to the bankruptcy plan for over two years, and because the Debtors are prepared to tender an amount to cure their Chapter 13 plan deficiency, Debtors respectfully request that the order of dismissal entered on June 8, 2011 be vacated and the case reinstated so that the Debtors can continue to perform pursuant to the Chapter 13 confirmed plan. Such an Order would be equitable and consistent with the spirit of the Bankruptcy Code.

Dated: July 12, 2011

Respectfully submitted by,

LAW OFFICES OF TODD J. ROBERTS

By: _____
Corey A. Carter, Esq.
Law Offices of Todd J. Roberts
Attorneys for Debtor(s)/Movant

**DECLARATION OF DEBTOR, LEON RAMIREZ
IN RE U.S.B.C. CASE NO.: 6:09-bk-10275 MJ**

I, Leon Ramirez, declare:

I know the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. I could and would competently testify under oath to the truthfulness of the following facts:

1. My wife, Laura Ramirez, and I are the debtors in the instant action. We filed for bankruptcy protection on January 8, 2009, case number 6:09-bk-10275 MJ, in order to save our primary residence and principal asset, a single family residence located at 4006 Philadelphia Street, Chino, CA 91710 (hereinafter "Subject Property") from bank initiated non-judicial foreclosure and to reorganize our debts.

2. This declaration is in support of the motion to reinstate our case.

3. The Order confirming my Chapter 13 Plan was entered on March 2, 2009. Attached hereto and incorporated by reference herein as **Exhibit "A"** is a true and correct copy of the Trustee's Report on the confirmation hearing and the Order Confirming the Plan which the incorporates the Trustee's Report.

4. The Plan payment amount was $237 for months 1-20 and $671 for months 21-60, at 7% to general unsecured creditors.

5. The plan was subsequently modified to suspend two plan payments for the months of December, 2009 and January 2010, with an increase to $280 for months 13 through 20 then increasing to $671 for months 21-60. As of August 8, 2011 (the hearing date of this Motion), we will owe a total of 30 months worth of payments, for a total of $11,320. Attached hereto and incorporated by reference herein as **Exhibit "B"** is a true and correct copy of the Trustee's comments on Debtors' Motion to Modify, as well as the Order on the Motion which incorporated the Trustee's comments.

6. We were delinquent $1,105.00 in plan payments as of April 14, 2011, when the trustee brought a motion to dismiss the case. At that time, we had been performing pursuant to the confirmed bankruptcy plan for over two years. Additionally, we have paid in over

1

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO REINSTATE CASE**

1 | $18,731.00 into our plan to date. Attached hereto and incorporated by reference herein as
2 | **Exhibit "C"** is a true and correct copy of the trustee's Draft Final Report and Account.
3 |     7.    Our case was subsequently dismissed on June 8, 2011.
4 |     8.    At this time, we have $3,118.00 in certified funds payable to the Trustee, which
5 | will bring us current by the hearing date of August 8, 2011. Additionally, we can continue to
6 | make our remaining plan payments in a timely manner. Attached hereto and incorporated by
7 | reference herein as **Exhibit "D"** is a true and correct copy of a cashier's check our attorney has
8 | in his possession payable to the Chapter 13 Trustee.
9 |     9.    As such, we are requesting the court to reinstate our case for the purpose of
10 | allowing us to complete our monthly plan payments and receive our Chapter 13 discharge.
11 |     10.    Reinstating our case will also benefit the unsecured creditors due to the fact that
12 | there is a distribution to unsecured creditors.
13 |     11.    I am not aware of any Creditors who have taken any action in reliance on the
14 | dismissal of our case.
15 |     12.    If the relief sought is granted at the hearing, we will be half way done with our
16 | plan, and will have only 30 payments remaining.
17 |     I declare under penalty of perjury under the laws of the United States of America that the
18 | foregoing is true and complete to the best of my knowledge. Executed at Los Angeles,
19 | California on this 12th day of July, 2011.

_/s/ Attached_
Leon M. Ramirez, Debtor

2

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO REINSTATE CASE**

1  $18,731.00 into our plan to date. Attached hereto and incorporated by reference herein as
2  **Exhibit "C"** is a true and correct copy of the trustee's Draft Final Report and Account.
3    7.    Our case was subsequently dismissed on June 8, 2011.
4    8.    At this time, we have $3,118.00 in certified funds payable to the Trustee, which
5  will bring us current by the hearing date of August 8, 2011. Additionally, we can continue to
6  make our remaining plan payments in a timely manner. Attached hereto and incorporated by
7  reference herein as **Exhibit "D"** is a true and correct copy of a cashier's check our attorney has
8  in his possession payable to the Chapter 13 Trustee.
9    9.    As such, we are requesting the court to reinstate our case for the purpose of
10  allowing us to complete our monthly plan payments and receive our Chapter 13 discharge.
11    10.   Reinstating our case will also benefit the unsecured creditors due to the fact that
12  there is a distribution to unsecured creditors.
13    11.   I am not aware of any Creditors who have taken any action in reliance on the
14  dismissal of our case.
15    12.   If the relief sought is granted at the hearing, we will be half way done with our
16  plan, and will have only 30 payments remaining.
17    I declare under penalty of perjury under the laws of the United States of America that the
18  foregoing is true and complete to the best of my knowledge. Executed at Los Angeles,
19  California on this 12th day of July, 2011.

_____
Leon M. Ramirez, Debtor

2

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO REINSTATE CASE**